SKLAR, RESPONDENT, *v.* BELCHER, APPELLANT.

(No. 4,495.)

(Submitted September 19, 1921. Decided October 24, 1921.)

[201 Pac. 681.]

*Contracts—Party Liable—Descriptio Personae—Evidence.*

1. Evidence *held* to show that a contract made with defendant "of the Lewiston Hide & Fur Co." was made with him in his individual capacity, and that the words quoted were merely descriptive of defendant and not intended to indicate that the company was bound.

*Appeals from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION by Jacob Sklar against James C. Belcher. Judgment for plaintiff, and defendant appeals from it and from an order denying a new trial. Affirmed.

*Messrs. Cheadle & Cheadle,* for Appellant, submitted a brief; *Mr. E. K. Cheadle* argued the cause orally.

*Mr. Ralph J. Anderson* and *Mr. E. K. Matson,* for Respondent, submitted a brief; *Mr. Anderson* argued the cause orally.

Counsel for the appellant state in their brief that the original contract, which is marked Plaintiff's Exhibit "A,"

was really between the Lewistown Hide & Fur Company and James C. Belcher. It is true that in the contract Jacob Sklar, the respondent, is referred to as ''Jacob Sklar, of the Lewistown Hide & Fur Company,'' but the contract was executed in his name individually. The question as to whether or not the contract was with Jacob Sklar individually, or as the agent of the Lewistown Hide & Fur Company, must be determined from the contract itself. (*Ming* v. *Pratt,* 22 Mont. 262, 56 Pac. 279.) The use of the word ''of'' in a contract followed by the name of a company or organization is held to be words describing the person, and not an agreement creating an obligation on the part of the organization or person mentioned following the word ''of.'' (*Shackleton* v. *Allen Chapel, African M. E. Church,* 25 Mont. 421, 65 Pac. 428; *Donovan* v. *Welch,* 11 N. D. 113, 90 N. W. 262; *Tucker Mfg. Co.* v. *Fairbanks,* 98 Mass. 101.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Plaintiff recovered a judgment against the defendant for $350 and interest, and defendant appealed therefrom, and from an order denying him a new trial.

The only question involved is whether the contract in [1] question, for the sale of 3,500 pounds of wool by defendant, was made with the plaintiff or with the Lewistown Hide & Fur Company. The contract recites that defendant ''has sold to Jacob Sklar, of Lewistown Hide & Fur Co.,'' *etc.* Upon the trial each party proceeded upon the theory that the contract is ambiguous, and by the introduction of evidence sought to show the relationship existing between Sklar and the company at the time the contract was made. The evidence is not satisfactory, but we are of the opinion that it is sufficient to warrant the trial court in concluding that Sklar was operating under an agreement with the company by which he was to purchase hides, pelts, and wool on his own account, and resell to the company at the prevailing

market price; that, in order to enable him to conduct his business, the company advanced money to him on his several contracts; and that the $350 received by defendant was paid by the company for the use and benefit of Sklar, and that Sklar had repaid the amount to the company upon defendant's failure to deliver the wool. Upon this theory the conclusion is warranted that the contract was made with Sklar in his individual capacity, and that the words "of the Lewistown Hide & Fur Co." are merely descriptive, and were not intended to indicate that the company was bound. We find no error in the record.

The judgment and order are affirmed.

*'Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.

